(30 Misc. Rep. 439.)

### SABINSON v. HERTER.

(Supreme Court, Appellate Term.   February 8, 1900.)

COUNTERCLAIM—ANTECEDENT DEBT—MERGER.

> An agreement whereby a lessor agreed to return lessee's deposit on his agreement to take other premises was not a merger of all prior claims of the lessor against the lessee, and hence did not preclude the lessor from pleading an antecedent contract debt of the lessee against his assignee's action to recover the deposit.

Appeal from municipal court, borough of Manhattan, First district.

Action by Samuel Sabinson against Peter Herter.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hirsh & Ehrhorn, for appellant.

Louis Levy, for respondent.

MacLEAN, J.   On or about April 28, 1899, the plaintiff's assignor, one Rosenfeld, deposited $45 with the defendant, and agreed in writing to hire certain premises at 51 Delancey street, if "the same could be made empty by law."   The defendant failing to obtain possession of the premises, on May 6, 1899, an agreement was made whereby Rosenfeld on his part was to give up all claims against the premises in Delancey street, and to take another house in the block, and the defendant on his part was to "return the security paid."   Thereafter Rosenfeld made over his claim to the present plaintiff, who brought an action for "money had and received.   Claim assigned to plaintiff."   In answer to this, the defendant, among other things, set up a counterclaim for $40 upon an alleged cause of action on contract, but the learned justice below excluded all evidence of the counterclaim on the ground that the paper of May 6th precluded all antecedent claims, which ruling was erroneous, because the paper of May 6th nowhere provided for a merger of all claims by or against the respective parties, and in this action the defendant was entitled to show any facts establishing that the plaintiff was not, in justice and equity, entitled to recover the whole of his demand, or any part of it.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.